UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 10-61850-CIV-LENARD
MAGISTRATE JUDGE P.A. WHITE

| | | |
|---|---|---|
| WILLIAM MITCHELL, | : | |
| Plaintiff, | : | |
| v. | : | REPORT OF MAGISTRATE JUDGE |
| HOWARD FINKELSTEIN, et al., | : | (DE#5) |
| Defendants. | : | |

William Mitchell, a pre-trial detainee who is confined at the Paul Rein Detention Facility, has filed a pro se pleading which contains claims pursuant to 28 U.S.C. §2241 and 42 U.S.C. §1983. The pleading was docketed as a civil rights complaint, and an Order Establishing a Debt was issued. This Cause is before the Court upon the plaintiff's Motion for reconsideration of the Order establishing the debt (DE#5), and a preliminary screening of the pleading.

The plaintiff names as defendants Broward County Public Defender Howard Finkelstein, and Assistant Public Defenders Michael Farbank and Edward Damintuan.

Mitchell states that he was informed by his Public Defenders that, following his arrest by Broward County Sheriff's Narcotics Officers, he should not pursue a preliminary hearing, and if he did he would have to do so pro-se. He states he filed various motions in case no. 10-01441SCF10A and was initially told such motions were pending and later informed no motions were pending. He claims the defendants are denying him access to the state courts.  He seeks injunctive relief in the form of a Court Order for defendants to

demonstrate why his motions were removed by them, to re-file his motions and to obtain a ruling.

These allegations fail to raise a claim either pursuant to 28 U.S.C. §2241, or in civil rights pursuant to 28 U.S.C. §1983.

The plaintiff/petitioner is challenging his ongoing criminal proceedings. Principles of equity, comity and federalism in certain circumstances counsel abstention in deference to ongoing state proceedings. See Younger v. Harris, 401 U.S. 37 (1971). "Younger abstention is required when (1) the proceedings constitute an ongoing state judicial proceeding, (2) the proceedings implicate important state interests, and (3) there is an adequate opportunity in the state proceedings to raise constitutional challenges." Christman v. Crist, 315 Fed. Appx. 231, 232 (11 Cir. 2009) (citing 31 Foster Children v. Bush, 329 F.3d 1255, 1274 (11 Cir. 2003)). Therefore this Court will not interfere with Mitchell's ongoing state court proceedings. His relief lies in the state court.

Further, the petitioner raises the claim that he is being denied access to the Courts. This is a civil rights claim, however these claims are barred by the doctrine of Heck v Humphrey, 512 U.S. 477 I1994) which precludes challenges to the plaintiff's charges and or conviction until and unless the reason for his continued confinement has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or has otherwise been called into question by a federal court's issuance of a writ of habeas corpus. Id. at 486-87.

Overall review of the plaintiff's pleading indicates that he clearly meant to file his pleading as a petition for writ of habeas corpus. It is therefore recommended as follows:

    1.   The Motion for Reconsideration of the Order establishing the debt (DE#5) should be granted, and the debt vacated.

    2.   This petition should be dismissed, and this case closed.

Objections to this Report shall be filed to the United States District Judge within fourteen days following receipt.

Dated this 2nd day of December, 2010.

                                       UNITED STATES MAGISTRATE JUDGE

cc:   William Mitchell, Pro Se
       Paul Rein Facility
       Ft Lauderdale, FL.
       Address of record